UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT WHITE, | |
| Petitioner, | Civil Action No. 22-6731 (MAS) |
| v. | |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | MEMORANDUM OPINION |
| Respondent. | |

This matter comes before the Court on Petitioner's response (ECF No. 3) to the Court's IFP deficiency order and order to show cause why his petition should not be dismissed for lack of exhaustion. (ECF No. 2.) Having reviewed that response, this Court finds that Petitioner has shown his entitlement to proceed *in forma pauperis* and this matter shall therefore be reopened. As this matter shall be reopened, however, the Court is required to screen Petitioner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

As this Court previously explained to Petitioner,

> A habeas petition "cannot proceed unless all meritorious claims have been exhausted in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir.

> 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). As the exhaustion rule requires a habeas petitioner to afford the state courts the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief, a habeas petition challenging a New Jersey judgment of conviction must fairly present each alleged federal ground for relief raised in his habeas petition to all three levels of the New Jersey state courts – the Law Division, Appellate Division, and New Jersey Supreme Court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015).
>
> Where a District Court is faced with a habeas petition that contains unexhausted claims, the District Court has four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [petitioner] to delete his unexhausted claims [and proceed on any exhausted claims presented in the petition]; and (4) deny the petition if [the District Court] found all of [petitioner's] unexhausted claims to be meritless under § 2254(b)(2)." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). A stay can only be granted where the petitioner's claims are of at least arguable merit, there is no evidence of dilatory tactics by the petitioner, and the petitioner has shown good cause for his failure to earlier exhaust his claims. *Id.*

(ECF No. 2 at 1-2.)

In this matter, Petitioner freely admits he has yet to even complete the first step of his direct appeal, and has thus not raised his claims to the state appellate courts at this time. His claims are thus clearly unexhausted at this time. As Petitioner has not provided good cause for a stay or to evade the habeas exhaustion requirement, and as Petitioner is in no danger of losing his ability to file a habeas petition in the future as his one-year limitations period will not begin to run until he concludes his state court direct appeal, this Court must dismiss his petition without prejudice. *Mallory*, 563 F. App'x at 215.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has

"made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's petition is unexhausted and must be dismissed without prejudice as such, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner is denied a certificate of appealability.

In conclusion, Petitioner's application to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**; Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as unexhausted; and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

                                                                                              _____
                                                                                              **MICHAEL A. SHIPP**
                                                                                              **UNITED STATES DISTRICT JUDGE**